*1040 OPINION.
Sibekin :
More than five years elapsed between the filing of return on or about June 14, 1919, and the mailing of the deficiency letter on August 5, 1926. Respondent asserts, however, that the statute of limitations does not bar the deficiency, as the acceptance of the *1041 return and the assessment of a tax thereon constituted a tentative allowance of the claimed amortization deduction making the statute of limitations inoperative under section 278 (b) of the Revenue Act of 1926, which reads as follows:
Any deficiency attributable to a change in a deduction tentatively allowed under paragraph (9) of subdivision (a) of section 214, or paragraph (8) of subdivision (a) of section 234 of the Revenue Act of 1918 or the Revenue Act of 1921, may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.
We have ruled adversely on the contention made by the respondent in W. G. Duncan Coal Co., 13 B. T. A. 672. See also Thomas P. Beal, 13 B. T. A. 677.
There remains respondent’s further contention that in the letter of November 19, 1923, there was a tentative amortization allowance of $23,079.10; that of this amount so allowed $7,927.25 was disallowed in the 30-day letter of April 13, 1926, which action was reiterated in the deficiency letter of August 5, 1926; and that so much of the deficiency as is due to increasing the net income by this amount of $7,927.25 can be assessed at any time.
The letter of November 19, 1923, notified petitioner that a final determination of its net income (which by clear inference, as well as the expressed request for acquiescence, included final determination of the amortization deduction claim) must be made before consideration could be given the claim for special assessment. There is no suggestion that the amortization allowance granted therein was “ tentative ” (which word, according to Webster’s New International Dictionary, is derived from the Latin word “ tentare ” — to try, and is defined as “ of, pertaining to, or based on, a trial or trials; experimental; as, a tentative theory). Prior to such letter petitioner had requested a determination of its amortization claim, had furnished required information, and one of respondent’s engineers had investigated and made a report on which the allowance was based. Nor do we believe that petitioner’s answering letter in which he acquiesced in the determination made as a basis for considering special assessment (but reserving petitioner’s rights under the law and regulations) indicates the allowance to be tentative rather than the final determination it purports to be.
Of course such determination was not final in the sense that it precluded the respondent from reopening the case and adjusting or changing the allowance at any time within the prescribed statutory period. Section 278 (b) of the Revenue Act of 1926 provides an exception to the general limitation provision. Obviously, it was not intended to lift the statutory bar from all cases involving amortization deductions. Had Congress so intended, it seems clear that the words “ tentatively allowed ” would never have been used. Accordingly, *1042 we must not only treat section 278 (b) as an exception, but we must attach due weight to the word “ tentative.” There is nothing in the record to distinguish this case from the ordinary one in which the respondent grants a deduction and later sees fit to reduce the amount thereof.
Reviewed by the Board.

Judgment will be entered for the petitioner.